UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SALLIE M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CASE NO. 3:21-CV-5857-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant

to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

did not harmfully err when he evaluated the medical opinion evidence, but Plaintiff's case was

adjudicated by an improperly and unconstitutionally appointed ALJ. Thus, this matter is reversed

and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security

Commissioner ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On February 29, 2016, Plaintiff filed an application for DIB, alleging disability as of

December 31, 2011. *See* Dkt. 10; Administrative Record ("AR") 18, 131. Plaintiff's application

was denied upon initial administrative review and on reconsideration. AR 191-93, 199-201.

1 │ Plaintiff's date last insured is December 31, 2017, making December 31, 2011 through

2 │ December 31, 2017 the relevant period. AR 162.

3 │      ALJ Malcolm Ross held a hearing on September 20, 2017 and issued a decision on May

4 │ 28, 2018 finding Plaintiff not disabled during the relevant period. AR 44-82, 162-181. On July

5 │ 22, 2019, the Appeals Council granted Plaintiff's request to review the ALJ's decision, vacated

6 │ the ALJ's decision, and remanded for further consideration of Plaintiff's residual functional

7 │ capacity. AR 187-188. ALJ Ross held a second hearing on remand and issued a second decision

8 │ on November 4, 2020, again finding Plaintiff not disabled during the relevant period. AR 12-43,

9 │ 83-129. On September 20, 2021, the Appeals Council denied Plaintiff's request to review the

10 │ ALJ's second decision. AR 1-5.

11 │      In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred in evaluating the medical

12 │ opinion evidence. Dkt. 10, p. 1. Plaintiff also contends her case was adjudicated by an

13 │ improperly and unconstitutionally appointed ALJ and that this Court should remand for a new

14 │ hearing with a different ALJ. *Id*.

15 │                         STANDARD OF REVIEW

16 │      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17 │ social security benefits if the ALJ's findings are based on legal error or not supported by

18 │ substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

19 │ Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20 │                            DISCUSSION

21 │ **I.      Whether the ALJ Erred in Evaluating Medical Opinion Evidence**

22 │      Plaintiff contends the ALJ erred in evaluating the medical opinions of Dr. Anne Tuttle

23 │ and Amanda Kleck, MA, MHP, LMHCA. Dkt. 10, pp. 1-17.

24 │

1       Plaintiff filed her application before March 27, 2017. AR 131, 144. Pursuant to the

2  applicable rules, in assessing an acceptable medical source, an ALJ must provide "clear and

3  convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining

4  doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d

5  502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating

6  or examining doctor's opinion is contradicted, the opinion can be rejected "for specific and

7  legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

8  830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722

9  F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and

10  thorough summary of the facts and conflicting clinical evidence, stating his interpretation

11  thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

12  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

13       **A.**     **Dr. Tuttle**

14       Dr. Tuttle completed a physician statement for Plaintiff in June 2015 and February 2016.

15  *See* AR 1502-07. In both statements, Dr. Tuttle found that Plaintiff is unable to sit or stand for

16  periods longer than 15 minutes without a break and Plaintiff needs to be able to take a break

17  lying down. AR 1503, 1506.

18       The ALJ rejected Dr. Tuttle's opinion, finding it (1) conclusory and temporary, (2)

19  inconsistent with the overall medical evidence, and (3) inconsistent with Plaintiff's activities. *See*

20  AR 32-33.

21       With respect to the ALJ's first reason, an ALJ can reject a medical opinion "if that

22  opinion is brief, conclusory, and inadequately supported by clinical findings." *Batson v. Comm'r*

23  *of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004). However, the ALJ cannot do so

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

1   without considering its context in relation to the medical source's treatment own

2   notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Plaintiff's medical record

3   included several of Dr. Tuttle's treatment notes. *See* AR 917-922, 925-927, 930, 995, 1061,

4   1070, 1072, 1075. Before the ALJ could reject Dr. Tuttle's opinion for being conclusory, the

5   ALJ was required to consider the findings of these treatment notes. As the ALJ makes no

6   reference to Dr. Tuttle's own notes, it appears the ALJ rejected her opinion based solely on the

7   statements she provided in the questionnaire. *See* AR 32-33. Because the ALJ's reason finding

8   that Dr. Tuttle's opinion was conclusory and temporary was not supported by substantial

9   evidence, the ALJ erred in rejecting her opinion for this reason.

10         But, on the second reason, the ALJ did not err in rejecting Dr. Tuttle's opinion for its

11   inconsistency with the rest of the overall medical evidence. *See Batson*, 359 F.3d at 1195

12   (holding that a treating physician's opinion may properly be rejected where it is contradicted by

13   other medical evidence in the record). Here, the ALJ found Plaintiff's medical record largely

14   showed that Plaintiff "recovered well from her surgeries and her physical examinations revealed

15   unremarkable musculoskeletal and neurological findings." AR 33. In the cited evidence, Plaintiff

16   continuously reported doing well and feeling better after her surgeries. *See* AR 690, 1070, 1284,

17   1640, 1615. In some of the treatment notes, she reported that due to her improvements after

18   surgery, she was able to be more active and expressed wanting to increase the frequency of her

19   exercises. AR 1292, 1294, 1540. Plaintiff was also often observed as being able to sit and stand

20   without pain, and that her back, ankle, left leg, and knees had improved. AR 829, 848, 854, 927.

21   Considering that much of the medical evidence the ALJ identified showed improvements with

22   Plaintiff's medical conditions after her surgery, the ALJ's finding that Dr. Tuttle's opinion is

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1  inconsistent with the objective medical evidence is supported by substantial evidence.

2  Accordingly, the Court finds the ALJ did not err in rejecting Dr. Tuttle's opinion for this reason.

3  Because the ALJ has provided at least one valid reason to reject Dr. Tuttle's opinion, the

4  Court finds the ALJ's error in rejecting her opinion for being conclusory harmless. *See*

5  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an

6  erroneous reason among other reasons to discount a claimant's credibility does not negate the

7  validity of the overall credibility determination and is at most harmless error where an ALJ

8  provides other reasons that are supported by substantial evidence). Additionally, the Court need

9  not assess further whether the third reason the ALJ provided is erroneous. Even assuming that it

10  is insufficient, the error would be considered harmless as well. *See id.*

11  **B.      Amanda Kleck, MA, MHP, LMHCA**

12  On August 24, 2017, Ms. Kleck completed a mental impairment questionnaire about

13  plaintiff's ability to perform work-related activities on a day-to-day basis. *See* AR 1496-1500.

14  Ms. Kleck found that Plaintiff would be unable to carry out very short simple

15  instructions; understand and remember detailed instructions; carry out detailed instructions;

16  maintain socially appropriate behavior; and interact appropriately with the general public for five

17  percent of the time during a regular workday. AR 1495. She found Plaintiff would be unable to

18  sustain an ordinary routine without special supervision; work in coordination or proximity to

19  others; and ask simple questions for 10 percent of the time during a regular workday. *Id*. She also

20  found that Plaintiff would be unable to deal with normal work stress and set realistic goals for 15

21  percent of the time during a regular workday. *Id*. Finally, she found Plaintiff would be unable to

22  remember work-like procedures; maintain attention for two-hour segments; maintain regular

23  attendance, accept instructions and respond appropriately to criticism; use public transportation;

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1   deal with stress; and complete a normal workday/workweek without interruptions from

2   psychologically based symptoms for 20 percent of the time during a regular workday.

3         The ALJ gave Ms. Kleck's opinion "little weight," finding it (1) inconsistent with the

4   overall medical evidence and (2) Plaintiff's activities of daily living. AR 34.

5         Under the regulations applicable to this case, "only 'acceptable medical sources' can

6   [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating

7   sources." *See* Social Security Ruling ("SSR") 06-03p. But there are "other sources," such as

8   counselors, who are considered other medical sources. *See* 20 C.F.R. § 404.1527(f)(1). *See also*

9   *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010); SSR 06–3p. Evidence

10  from "other medical sources" may be discounted if, as with evidence from lay witnesses in

11  general, the ALJ "gives reasons germane to each [source] for doing so." *Molina v. Astrue*, 674

12  F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

13        With regards to the ALJ's first reason, an ALJ may reject lay witness testimony if it is

14  inconsistent with the overall medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218

15  (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ specifically

16  found that the medical evidence showed Plaintiff demonstrated intact cognitive functioning and

17  that her symptoms were largely situational and well managed with medications. AR 34. The

18  cited evidence includes a neurological examination showing Plaintiff had normal memory,

19  language, and fund of knowledge, and Plaintiff was able to follow complex, multi-step and cross

20  midline commands. AR 970. Notably, the examination included the observation that

21  "[Plaintiff's] neurocognitive and neurological examinations are completely normal." AR 971.

22  The record also shows Plaintiff's mood was often stable, she responded well to interventions,

23  and that she reported feeling better mentally from her medication or after seeing a psychiatrist.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1  AR 921, 931, 1041, 1064, 1393, 1350. Finally, the record shows Plaintiff's depression was

2  reasonably managed, and her mental symptoms were often triggered by stress related to her

3  divorce, her ex-husband, and her relationship with her sons. AR 915, 921, 923, 931, 1346, 1352.

4  Given the medical evidence showing Plaintiff's mental impairments were often caused by

5  stressors and well managed by treatment, the ALJ's finding that Ms. Kleck's opinion is

6  inconsistent with the medical evidence is supported by substantial evidence. Accordingly, the

7  Court finds the ALJ gave a germane reason to reject Ms. Kleck's opinion and therefore did not

8  err.

9         In sum, Plaintiff has failed to establish error in the ALJ's assessment of the medical

10  opinion evidence. However, as explained in the next section, this case must be remanded on

11  other grounds and the ALJ may reconsider the medical evidence to the extent necessary on

12  remand.

13      **II.      Whether Plaintiff's Case Was Adjudicated by a Properly Appointed ALJ**

14         ALJ Ross initially presided over Plaintiff's case in 2017 and issued an unfavorable

15  decision in May 2018. *See* AR 44-82, 162-181. The following month, the Supreme Court held in

16  *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), that the Security Exchange Commission's (SEC) staff

17  appointment of SEC ALJs violated the Appointments Clause of the Constitution because only

18  the President or the heads of agencies could appoint such positions. The Supreme Court also held

19  that "the 'appropriate' remedy for an adjudication tainted with an appointments violation is a

20  new 'hearing before a properly appointed' official" who has not already heard the case and ruled

21  on the merits. *See id.* at 2055.

22         In response to *Lucia*, the Social Security Administration ("SSA") Acting Commissioner

23  preemptively ratified the appointments of all SSA ALJs. *See* SSR 19-1p. Thereafter, the Appeals

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

1  Council issued an order vacating ALJ Ross's first decision and remanded Plaintiff's case for

2  further proceedings. AR 1-5. ALJ Ross held a second hearing for Plaintiff's case in May 2020

3  and issued a second unfavorable decision in November 2020. AR 1-5, 12-43. Then, in April

4  2021, the Supreme Court applied *Lucia*'s holding in *Carr v. Saul*, 141 S. Ct. 1352, 1356-62

5  (2021), finding that, like the SEC ALJs in *Lucia*, SSA ALJs were unconstitutionally appointed

6  and Social Security claimants wanting to raise "[Appointments Clause] issues for the first time in

7  federal court are not untimely in doing so."

8      Plaintiff contends that based on the Supreme Court's decision in *Lucia*, after ALJ Ross's

9  first decision was vacated and her case was remanded for further proceedings by the Appeals

10  Council, ALJ Ross should not have been the one to adjudicate her case again. *See* Dkt. 10, pp.

11  17-18. But because the Commissioner remanded the case back to ALJ Ross, Plaintiff asks that

12  this Court should remand her case for a *de novo* hearing with a different and properly appointed

13  ALJ. *See id.*

14      In contrast, the Commissioner contends *Lucia* does not apply to this case because ALJ

15  Ross had been properly appointed prior to Plaintiff's second hearing. *See* Dkt. 11, pp. 2-3. The

16  Commissioner maintains *Lucia* did not hold that "any time an ALJ was involved in a matter prior

17  to ratification, that ALJ is forever barred from participating later." *See id.*, p. 4.

18      In *James R. v. Comm'r of Soc. Security,* No. C20-5632-SKV, 2021 WL 4520560, at *6-7

19  (W.D. Wash. Oct. 4, 2021), this Court rejected the argument the Commissioner essentially

20  makes now. This Court explained that *Lucia* had "two prerequisites" to properly remedy an

21  "'adjudication tainted with an appointments violation.'" *See id.* (quoting *Lucia*, 128 S. Ct. at

22  2055). First, a claimant must receive a new hearing before a properly appointed official, and

23  second, the properly appointed official cannot be the same ALJ who initially heard the

24

1  claimant's case, even if that ALJ has since received a proper appointment since the initial

2  hearing, or will receive a proper appointment in the future. *See id*.

3      Here, the Commissioner correctly points out that ALJ Ross was already properly

4  appointed by the time he presided over Plaintiff's second hearing. However, according to *Lucia*

5  and this Court's reading of that case, Plaintiff's case on remand should have been heard not only

6  by a properly appointed ALJ, but also a *different* ALJ. *See id*. Instead, Plaintiff's case was

7  remanded back to ALJ Ross, which effectively "continued—rather than cured—the

8  constitutional violation attendant to the first decision." *See id*.

9      The Commissioner also maintains *Carr* does not apply to this case because the claimants

10  in that case were challenging the decision of an improperly appointed ALJ, whereas here, the

11  decision at issue was rendered by a properly appointed ALJ. *See* Dkt. 11, pp. 3-4. The

12  Commissioner cites several cases supporting the position that there is no Appointments Clause

13  violation when the same ALJ hears a claimant's case prior to and after his or her appointment's

14  ratification. *See* Dkt. 11, pp. 3-4. But again, the Commissioner's position conflicts with this

15  Court's interpretation of *Lucia*, as well as with the majority of courts that have addressed this

16  issue and similarly concluded that an ALJ's proper appointment after the fact does not remedy

17  his or her earlier improper adjudication. *See Misty D. v. Kijakazi*, No. 3:18-CV-206, 2022 WL

18  195066, at *3 (N.D.N.Y. Jan. 21, 2022); *Cuminale v. Saul*, No. 20-61004-CIV, 2021 WL

19  6010499, at *3 (S.D. Fla. Oct. 15, 2021), *adopted*, 2021 WL 5409967 (S.D. Fla. Nov. 19,

20  2021); *Mary D. v. Kijakazi*, No. 3:20-CV-656 (RAR), 2021 WL 3910003, at *10-11 (D. Conn.

21  Sept. 1, 2021); *Welch v. Comm'r, SSA*, No. 2:20-CV-1795, 2021 WL 1884062, at *3-5 (S.D.

22  Ohio May 11, 2021), *adopted*, 2021 WL 2142805 (S.D. Ohio May 26, 2021). *See also* SSR 19-

23  1p ("In cases in which the [improperly appointed] ALJ made a decision, the Appeals Council

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS

1   will conduct a new and independent review of the claims file and either remand the case *to an*

2   *ALJ other than the ALJ who issued the decision* under review or issue its own new decision . . . ."

3   (emphasis added)).

4         The Commissioner further maintains *Carr* "[does] not relieve a claimant from raising an

5   Appointments Clause claim altogether" and neither *Carr* nor *Lucia* "suggests that an

6   Appointments Clause challenge may survive longer than the decision rendered by the improperly

7   appointed ALJ." *See* Dkt. 11, pp. 4-5. This argument conflicts with the Supreme Court's holding

8   that claimants need not "exhaust certain issues in administrative proceedings" and those who

9   raise an Appointments Clause challenge "for the first time in federal court are not untimely in

10  doing so." *Carr*, 141 S. Ct. at 1362. The Court, therefore, rejects the Commissioner's arguments

11  and orders the Commissioner's final decision be reversed and remanded, with a new hearing be

12  held by a different ALJ.

13                                 CONCLUSION

14        Based on the foregoing reasons, Defendant's decision to deny benefits is reversed and

15  this matter is remanded for further proceedings in accordance with the findings contained herein.

16        Dated this 9th day of August, 2022.

17

18                                    _____
                                      David W. Christel
19                                    United States Magistrate Judge

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10